STATE, Plaintiff-Appellee, v. GEORGE, SR., Defendant-Appellant.

Ohio Appeals, Second District, Greene County.

No. 531.   Decided October 23, 1953.

## OPINION

By THE COURT:

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury finding the defendant-appellant guilty of manslaughter in the first degree. The indictment charged the defendant with murder in the second degree. Three assignments of error are set forth and urged in the appellant's brief, but during the course of the argument counsel conceded the first two were not well taken and waived any further consideration being given the same. The only remaining error

urged by appellant concerns the Court's refusal to give special charges 6, 7, 9 and 10. The law seems to be well established in this state that there is no mandatory duty upon the Court to give any instructions to the jury before argument in criminal cases, the only requirement being that the general charge fully and completely instruct the jury as to the law applicable to the evidence as presented. **Blackburn v. State, 23 Oh St 146; Wertenberger v. State, 90 Oh St 353; State v. Viola, 51 Abs, 577; Maranda v. State, 17 Oh Ap 479.**

Special charges Nos. 6 and 7 relate to self-defense, which we find the Court adequately covered in its general charge at pages 286 and 287 of the bill of exceptions:

"The defendant has, also invoked the issue of self-defense, and on that the Court wants to charge you that a homicide is justifiable in this State on the ground of self-defense where the slayer in the careful and proper use of his faculties bona fidely believes and has reasonable ground to believe that he is in imminent danger of death or great bodily harm, and that his only means of escape from such danger will be the taking of the life of his assailant, although in fact he is mistaken as to the existence or imminence of the danger. You will observe from this language that before the defendant is entitled to the provisions thereof, it is essential that he in the careful and proper use of his faculties must have not only believed that he was in imminent danger of death or great bodily harm at the hands of the deceased and that his only means of escape from such danger was the taking of the life of the deceased, but he must have had reasonable grounds so to believe. If he in such use of his faculties in good faith believed and had reasonable grounds to believe that he was in imminent danger of great bodily harm and that his only means of escape was the taking of the life of the deceased, he would be justified though in fact he was mistaken as to the existence or imminence of the danger.

In connection with this phase of the case, some testimony was admitted tending to prove that the deceased was of a violent and dangerous character, and that such character was known to the defendant at the time of the happening of the matters stated in the indictment. This testimony was not permitted to justify the killing of the deceased. One person has no right to kill another because the other was a person of a violent and dangerous character, but such character if known to the defendant is permitted to be shown in the testimony so that you may use it in connection with the other evidence in the case in determining whether or not the defendant entertained an honest and reasonable belief in the immence (imminence) of bodily harm to himself.

If the defendant was not in any supposed or real imminent danger of his own life or of great bodily harm, and if you find that the defendant could not have apprehended from the deceased, and did not so apprehend, any danger of his life or of great bodily harm, then the killing is not excusable."

Special charge No. 9 requested that the jury be instructed that before there could be a conviction on the charge of second degree murder the jury should be

" * * * satisfied beyond a reasonable doubt that the death of Bud Crawford was the natural and probable consequence of the shooting of him by defendant and not the result of an independent intervening cause in which Andrew George, Sr., did not participate."

Special charge No. 10 is on the same subject as No. 9 and reads as follows:

"The Court charges you as the law in this case that if you find that the wound or wounds upon Bud Crawford were not necessarily fatal, but that his death was caused by his neglect in caring for himself after receiving the wound or wounds, Andrew George, Sr., cannot be convicted of murder in the second degree or manslaughter, and he should be acquitted."

It is the position of the appellant that this charge should have been given because the record discloses that the decedent was very neglectful of himself. Even conceding this alleged fact to be true we think the jury was amply charged upon the law as to the cause of the death. In its general charge the Court said at page 285:

"In addition to the matters just heretofore set out, the State must, also, prove beyond a reasonable doubt that the bullet wound or wounds inflicted on Bernard Crawford by Andrew George was the proximate cause of the death. If you find under all the evidence submitted to you and the Court's instructions beyond a reasonable doubt that the decedent, Bernard Crawford, came to his death from a bullet wound or wounds inflicted upon him by the defendant, Andrew M. George, Sr., in the manner and by the means charged in the indictment, and if you find further that the bullet wound or wounds was the proximate cause of death, then I say to you that under these circumstances you would be warranted in finding the defendant guilty under this indictment, unless the defendant has proved a case of self-defense by a preponderance of the evidence.

To say that the defendant's act is the proximate cause means that in some way the influence of his act predominates over other influences in causing death, or at least is of equal importance in producing death.

So that, if you find under all the evidence submitted to you and the Court's instructions beyond a reasonable doubt that the decedent, Bernard Crawford, came to his death from a bullet wound or wounds inflicted upon him by the defendant, Andrew M. George, Sr., in the manner and by the means charged in the indictment, and you find that the bullet wound or wounds was the primary cause of death, and that other causes were a secondary cause of death, then I say to you that under those circumstances you would be warranted in finding the defendant guilty under this indictment, unless the defendant has proved a case of self-defense by a preponderance of the evidence. However, if you find that other causes were the proximate and primary cause of the death of Bernard Crawford and the bullet wound or wounds was only a secondary contributing cause of death, then I charge you that the defendant should be acquitted under the indictment."

It is therefore our conclusion that the Court properly instructed the jury on the subject matter contained in the special requests under consideration and the refusal to give the same did not constitute prejudicial error. We find the judgment is in accordance with law and the same will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.